UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                 Case No: 8:23-cv-2176-SDM-JSS

JOHN DOE,

    Defendant.
_____/

## ORDER

Plaintiff moves for leave to serve a third-party subpoena prior to the Rule 26(f) conference in this matter pursuant to Federal Rule of Civil Procedure 26(d)(1). (Motion, Dkt. 6.) For the following reasons, the Motion is granted.

## BACKGROUND

On September 26, 2023, Plaintiff filed a complaint against Defendant John Doe, an unidentified individual, alleging copyright infringement of Plaintiff's movies. (Dkt. 1.) As alleged in the Complaint, Defendant used the BitTorrent file distribution system to copy and distribute Plaintiff's copyrighted material over the internet, which Plaintiff identified using its infringement detection system, VXN Scan. (*Id.* ¶¶ 17–43.) Plaintiff has identified Defendant only through his or her internet protocol (IP) address. (*Id.* ¶ 12; Dkt. 6 at 2.)

In the Motion, Plaintiff seeks leave to serve a third-party subpoena on Defendant's Internet Service Provider (ISP), Charter Communications,

Inc./Spectrum (Spectrum), to learn Defendant's name and address. (Dkt. 6 at 2; Dkt. 6-4.) Plaintiff claims that Spectrum "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity" and "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (Dkt. 6 at 2–3.)

## APPLICABLE STANDARDS

A district court has broad discretion to dictate the sequence of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Unless otherwise authorized by the Federal Rules of Civil Procedure, a stipulation, or court order, a party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). When determining whether to allow discovery in advance of a Rule 26(f) conference, a district court will consider whether the moving party has established "good cause" to warrant the expedited discovery. *United States v. Gachette*, No. 6:14-cv-1539-Orl-37, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone*, 299 F.R.D. at 694 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the

specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citing *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

## ANALYSIS

Upon consideration, Plaintiff has demonstrated good cause for the issuance of the requested subpoena to Spectrum prior to the Rule 26(f) conference. Plaintiff's Complaint alleges that Defendant infringed copyrights on 26 of Plaintiff's movies from April to September 2023. (Dkt. 1 ¶ 4; Dkt. 1-2.) Plaintiff has also reasonably linked this alleged infringement to Defendant's IP address by using Plaintiff's investigatory tools. (Dkt. 1 ¶¶ 27–43; Dkt. 6-1; Dkt. 6-2; Dkt. 6-3.) In support of the Motion, Plaintiff submits the declaration of David Williamson, in which Mr. Williamson describes the operation of VXN Scan, which Plaintiff "owns and uses to identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." (Dkt. 6-1 ¶ 40.) Plaintiff alleges in its Complaint and argues in the Motion that it used VXN Scan to identify "transactions from Defendant['s IP address] sharing specific pieces of 26 digital media files that have been determined to be identical (or substantially similar) to a copyrighted work(s) that Plaintiff owns." (Dkt. 1 ¶ 37; Dkt. 1-2; Dkt. 6 at 8.) Plaintiff also submits the declaration of Patrick Paige, in which Mr. Paige states that based on his experience and review, a user at Defendant's IP address

engaged in a transaction on September 18, 2023 in which the IP address "uploaded a piece or pieces of a file" containing a "hash value" that Mr. Paige has linked to one of Plaintiff's movies. (Dkt. 6-2 at 4–6.) Finally, Plaintiff submits the declaration of Susan B. Stalzer, in which Ms. Stalzer states that she viewed each of the 26 digital media files identified by Plaintiff "side-by-side with [Plaintiff's] motion pictures" as published on its websites, and confirmed that they are identical, strikingly similar, or substantially similar. (Dkt. 6-3.)

Plaintiff's proposed subpoena is limited to requesting the name and address associated with Defendant's IP address (Dkt. 6-4), and Plaintiff has demonstrated that this information can only be gained through serving a subpoena on Defendant's ISP, Spectrum. (Dkt. 6 at 9–11; Dkt. 6-2 at 6.) Plaintiff also states that the subpoenaed information is necessary for Plaintiff to properly serve Defendant, to conduct the Rule 26(f) conference, and to advance its claim. (Dkt. 6 at 9–11.) Plaintiff has therefore demonstrated good cause for the requested to subpoena to be issued to Spectrum prior to the Rule 26(f) conference, with the additional procedural safeguards outlined below. *See, e.g.*, *Manny Film LLC*, 2015 WL 12850566 at *2–3 (recognizing need for procedural protections due to risk that "a non-infringing party could be identified and served"); *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-0765-KKM-CPT, 2022 WL 1721034, at *2 (M.D. Fla. May 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019).

## CONCLUSION

Accordingly:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Dkt. 6) is **GRANTED** as set forth herein.

2. Plaintiff may serve Spectrum with the Rule 45 subpoena (Dkt. 6-4) directing Spectrum to provide Plaintiff with the name and address of the subscriber at the identified IP address.

3. Plaintiff shall attach of copy of the Complaint (Dkt. 1), its attachments, and this order to the subpoena.

4. In receiving the subpoena pursuant to this order, Spectrum shall not assess any charge to Plaintiff in advance of providing the requested information; however Spectrum may elect to charge a reasonable amount for the costs of production.

5. Spectrum shall preserve all subpoenaed information pending Spectrum's delivering of such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6. Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights in this action as set forth in its Complaint (Dkt. 1).

7. Once Defendant's identity is discovered, Plaintiff must notify Defendant or his or her counsel if represented, of Plaintiff's intent to name and serve

Defendant at least 14 days prior to seeking the issuance of a summons from the Clerk.

**ORDERED** in Tampa, Florida, on October 11, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record